UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BISHOP PERRY,

        Plaintiff,                            Hon. Robert J. Jonker

v.                                             Case No. 1:23-cv-286

M.D.O.C., et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's "Motion for Protection Order and Injunction Relief" (ECF No. 57) and Defendant Unknown Haggagi's Motion for Summary Judgment. (ECF No. 37). The motions are fully briefed and ready for decision. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be denied, Defendant's motion be granted, and this action be terminated.

## BACKGROUND

Plaintiff initiated this action against the Michigan Department of Corrections (MDOC) and Unknown Haggagi asserting numerous claims. (ECF No. 1). On screening, the Court dismissed Plaintiff's claims for failure to state a claim on which relief could be granted. (ECF No. 8, 9). On appeal, the Sixth Circuit affirmed the dismissal of Plaintiff's claims with one exception. (ECF No. 16). Specifically, the Sixth Circuit concluded that Plaintiff stated a claim "by asserting that Officer Haggagi retaliated by conducting a second shakedown of his cell and confiscating his

ball."  The evidence establishes the following facts related to Plaintiff's remaining claim.

On October 29, 2022, Defendant performed a housing unit search on Plaintiff's unit.  During the search, Defendant found a racquetball in Plaintiff's possession.  Because the racquetball did not have Plaintiff's prisoner identification number as required by MDOC policy, Defendant suspected the ball was stolen.  He questioned Plaintiff regarding the ball, but Plaintiff did not adequately explain where he got the ball.  According to Defendant, he had reasonable suspicion that the ball was stolen as defined by MDOC Policy.  Accordingly, Defendant took the ball and issued Plaintiff a misconduct ticket.  On the same day, Plaintiff wrote a grievance against Defendant for taking the racquetball. (ECF No. 38-9).  On November 10, 2022, Plaintiff was found not guilty of the misconduct and the racquetball was subsequently returned to Plaintiff.   (ECF No. 38-8 at PageID.317).

On December 8, 2022, Defendant performed another search of Plaintiff's unit.  Plaintiff alleges that Defendant took the racquetball for a second time and told Plaintiff, "this is what happens to people who go over my head." (ECF No. 41 at PageID.341).  Plaintiff subsequently complained to Seargent Clamons and the ball was returned to Plaintiff.  In total, Plaintiff did not have his racquetball for "maybe an hour" on December 8. (ECF No. 38-6 at PageID.297).

Plaintiff has filed a "Motion for Protection Order and Injunction Relief." (ECF No. 57). Defendant has moved for summary judgment. (ECF No. 37, 38). The undersigned addresses each in turn.

## DISCUSSION

### I.  Plaintiff's Motion for Injunctive Relief

Plaintiff has filed a motion requesting the Court to "stop [Defendant's] harassment campaign." (ECF No. 57 at PageID.425). He specifically asks for the Court to order: (1) a tablet be returned to him; (2) Defendant not be allowed to work in the same unit as him; (3) Plaintiff not be moved from his current facility; (4) none of his property can be taken; and (5) for additional discovery documents.

Injunctive relief "is an extraordinary remedy which should be granted only if . . . the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't,* 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he is being threatened by some injury for which he has no adequate legal remedy. *Dana Corp. v. Celotex Asbestos Settlement Trust,* 251 F.3d 1107, 1118 (6th Cir. 2001). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000). Rather than

prerequisites, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., v. Cafcomp Systems, Inc.,* 119 F.3d 393, 400 (6th Cir. 1997). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.,* 251 F.3d at 1118.

Consideration of these factors weigh against Plaintiff's request in this case. Plaintiff has failed to demonstrate that he would prevail on any claim related to Defendants' alleged conduct. Moreover, Plaintiff has not alleged or provided any evidence to show he is in imminent danger of irreparable harm. The undersigned further finds that interfering in the day-to-day operations of the Michigan Department of Corrections in the absence of evidence warranting such would both cause substantial harm to others and be contrary to the public interest. The undersigned notes that Plaintiff has not provided any evidence that Defendant has control over any issue Plaintiff seeks to enjoin. Finally, the discovery deadline in this case has long since passed. In sum, consideration of the relevant factors weighs against Plaintiff's motion.

## II. Defendant's Motion for Summary Judgment

Defendant moves for summary judgment and argues that (1) Plaintiff cannot show that he was engaged in protected conduct; (2) Plaintiff did not suffered an adverse action; and (3) Defendant would have taken the same action even without the protected conduct. He further contends that he is entitled to qualified immunity.

## Legal Standard

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-

moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d 465 at 474.

Generally, where the non-moving party fails to respond to a motion for summary judgment, "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)).

## Analysis

To prevail on his retaliation claim, Plaintiff must satisfy three elements: (1) he engaged in protected conduct; (2) the defendant took an adverse action against him "that would deter a person of ordinary firmness from continuing to engage in that conduct;" and (3) the adverse action was taken (at least in part) because of the

protected conduct. *Thaddeus-X v. Blatter,* 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

Plaintiff's claim fails because he cannot show that an adverse act was taken against him. As stated above, the Sixth Circuit limited the scope of Plaintiff's retaliation claim to "conducting a second shakedown of [Plaintiff's] cell and confiscating his ball." Defendant has put forth evidence that the cell search itself was conducted according to MDOC policy. (ECF No. 38-3 at PageID.270). Specifically, Defendant is required to conduct at least two housing inspections on each shift. *See* MDOC Policy Directive 04.04.110 ¶ X. In December 2022, Defendant conducted thirty-six cell searches, and Defendant always searched two neighboring units. (ECF No. 38-11, 38-12). Plaintiff's cell, as well as his neighboring cell, was searched only once in December. Plaintiff does not dispute this evidence. The parties, instead, focus on whether taking the racquetball constitutes an adverse act.

"Whether a retaliatory action is sufficiently severe to deter a person of ordinary firmness from exercising his or her rights is a question of fact." *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002). But some adverse actions are so *de minimis* that they do not rise to the level of a constitutionally cognizable injury. *Thaddeus–X*, 175 F.3d at 396 (citing *Ingraham v. Wright,* 430 U.S. 651, 674 (1977)). "[T]his threshold is intended to weed out only inconsequential actions, and is not a means whereby solely egregious retaliatory acts are allowed to proceed past summary judgment." *Id.* at 398. Missing a single or occasional meal is an example of *de minimis* act that would

not deter a person of ordinary firmness. *See Williams v. Hawn,* No. 1:21-CV-446, 2023 WL 2854301, at *5 (W.D. Mich. Jan. 19, 2023), *report and recommendation adopted,* No. 1:21-CV-446, 2023 WL 2607533 (W.D. Mich. Mar. 23, 2023) (collecting cases).

The confiscation of certain property can constitute an adverse action. In *Bell*, the defendants searched the plaintiff's cell and confiscated legal papers and his medical diet snacks. 308 F.3d at 597-98. The Sixth Circuit held that the plaintiff stated a viable retaliation claim and explained that "[t]he fact that defendants repeatedly stole plaintiff's legal papers certainly had the potential to directly impede his pursuit of his claim, and may have caused others to believe that any efforts they might expend in preparing legal claims would be wasted since any materials they prepared could easily be destroyed or confiscated." *Id.* at 604.

This case is distinguishable from *Bell* because it is clear in the instant case that there was no potential to impede Plaintiff's ability to engage in protected conduct by taking the ball. Viewing the evidence in the light most favorable to Plaintiff, Defendant took Plaintiff's racquetball for "maybe an hour." (ECF No. 38-6 at PageID.297). Plaintiff still had the ability to borrow a racquetball from the Rec Department. (ECF No. 38-10 at PageID.324). In the opinion of the undersigned, taking a ball for one hour plainly would not deter a person of ordinary firmness from exercising his First Amendment rights. The conduct alleged is inconsequential. Defendant, therefore, has demonstrated the absence of factual dispute on the

question of whether Defendant retaliated against Plaintiff in violation of the First Amendment. Accordingly, the undersigned recommends that Defendant's motion for summary judgment be granted.[1]

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's "Motion for Protection Order and Injunction Relief" (ECF No. 57) be denied. The undersigned further recommends that Defendant's Motion for Summary Judgment (ECF No. 37) be granted and that this action be terminated. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

---

[1] Defendant also raises the defense of qualified immunity. In light of the foregoing recommendation regarding Plaintiff's retaliation claim, there is no need to address the qualified immunity argument.

          Respectfully submitted,

Date:  August 28, 2025         /s/ Phillip J. Green
                                    PHILLIP J. GREEN
                                    United States Magistrate Judge