UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BISHOP R. PERRY,

      Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

      Defendants.
_____/

CASE No. 1:23-CV-286

HON. ROBERT J. JONKER

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action (ECF No. 60) and Plaintiff's Objection to it. (ECF Nos. 65). The Court has also reviewed Plaintiff's motion for recusal (ECF No. 61) that relates to his request for injunctive relief. Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Defendants' objections. After its review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally correct. The Court further determines there is no basis for recusal of the Magistrate Judge.

## PLAINTIFF'S OBJECTIONS

There are two primary issues for decision. The first is Plaintiff's claim that Defendant Haggagi retaliated against Plaintiff on December 8, 2022, by conducting a shakedown of Plaintiff's cell and confiscating a racket ball. Defendant Haggagi moves for summary judgment in his favor on this claim, which is the sole claim remaining in this case. Defendant's position is that Plaintiff can meet none of the three requisite elements of a First Amendment retaliation claim. Defendant further argues he is entitled to summary judgment on the basis of qualified immunity. The Magistrate Judge recommends granting the motion. The focus of the Magistrate's analysis is on the second of the three elements—adverse action. The Magistrate Judge recommends the Court conclude Plaintiff cannot meet this prong and grant the defense motion on this basis. The Report and Recommendation does not address qualified immunity. Plaintiff objects to the Magistrate Judge's recommendation on the basis that he can meet all three elements of a First Amendment retaliation claim.

The second issue relates to Plaintiff's motion for injunctive relief pending the resolution of this case. In the motion, Plaintiff argues that since the events set out in the Complaint, Defendant Haggagi has continued to retaliate against him. Plaintiff requests various forms of injunctive relief. (ECF No. 57). The Magistrate Judge recommends denying this motion too. Plaintiff's objections address the Magistrate Judge's recommended disposition of the injunctive relief

request, but he separately moves for disqualification of the Magistrate Judge on the basis that in the approximately three-month period that elapsed between the time when he filed the motion and the Magistrate Judge's Report and Recommendation, Plaintiff has faced continued retaliation. (ECF No. 61).    Relatedly, but separately, the Magistrate Judge has denied Plaintiff's motion for sanctions and to correct the record regarding Plaintiff's contention that Defendant destroyed certain video evidence.    (ECF No. 59). Plaintiff's objections contest this decision too, and those objections to a nondispositive order are reviewed under the clearly erroneous or contrary to law standard.

**ANALYSIS**

After performing its de novo review, the Court concludes that Plaintiff's objections are without merit.    Accordingly, the Court adopts the Magistrate's recommendation to grant the defense motion for summary judgment on the remaining claim and to deny Defendant's motion for a protective order.    The Court further denies Plaintiff's motion for recusal.

    1.  *First Amendment Retaliation*

        A.  *Adverse Action*

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).    In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements:   (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct.  *Id.*   Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the

3

defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

To establish the second element of a retaliation claim, a prisoner-plaintiff must show adverse action by a prison official sufficient to deter a person of ordinary firmness from exercising his constitutional rights. *Thaddeus-X*, 175 F.3d at 396. The adverseness inquiry is an objective one and does not depend on how a particular plaintiff reacted. The relevant question is whether the defendants' conduct is "*capable* of deterring a person of ordinary firmness"; the plaintiff need not show actual deterrence. *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002) (emphasis in original). In *Thaddeus-X*, the Sixth Circuit recognized that some threats and deprivations are too minimal to constitute adverse action. Citing *Bart v. Telford*, 677 F.2d 622 (7th Cir. 1982), the *Thaddeus-X* court held that minor harassment is insufficient to constitute adverse action, because recognition of such a standard would "'trivialize the First Amendment.'" *Thaddeus-X* 175 F.3d at 397 (citing *Bart*, 677 F.2d at 625).

The Magistrate Judge summarized the factual record relating to Plaintiff's First Amendment retaliation claim as follows:

> On October 29, 2022, Defendant performed a housing unit search on Plaintiff's unit. During the search, Defendant found a racquetball in Plaintiff's possession. Because the racquetball did not have Plaintiff's prisoner identification number as required by MDOC policy, Defendant suspected the ball was stolen. He questioned Plaintiff regarding the ball, but Plaintiff did not adequately explain where he got the ball. According to Defendant, he had reasonable suspicion that the ball was stolen as defined by MDOC Policy. Accordingly, Defendant took the ball and issued Plaintiff a misconduct ticket. On the same day, Plaintiff wrote a grievance against Defendant for taking the racquetball. (ECF No. 38-9). On November 10, 2022, Plaintiff was found not guilty of the misconduct and the racquetball was subsequently returned to

4

> Plaintiff. (ECF No. 38-8 at PageID.317).
>
> On December 8, 2022, Defendant performed another search of Plaintiff's unit. Plaintiff alleges that Defendant took the racquetball for a second time and told Plaintiff, "this is what happens to people who go over my head." (ECF No. 41 at PageID.341). Plaintiff subsequently complained to Seargent Clamons and the ball was returned to Plaintiff. In total, Plaintiff did not have his racquetball for "maybe an hour" on December 8. (ECF No. 38-6 at PageID.297).

(ECF No. 60, PageID.494).

The Magistrate Judge proceeded to conclude that the temporary deprivation of property in this case was too de minimis to amount to an adverse action. Plaintiff, largely rehashing the arguments he previously raised in the motion papers, disagrees. He says the combination of the December 8, 2022, shakedown, loss of his racket ball, and Defendant Haggagi's threat is sufficient to deter a person of ordinary firmness from exercising his constitutional rights. Certainly, threats can sometimes constitute adverse action. And a cell search may also be considered sufficiently adverse to satisfy the adverse-action requirement of *Thaddeus-X*, where the search leaves the cell in disarray and results in the confiscation or destruction of materials. *See Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002) (citing *Walker v. Bain*, 257 F.3d 660, 664 (6th Cir. 2001)). But on the facts of this case, the Court agrees with the Magistrate Judge that the threats were too vague and the deprivation of property too slight to constitute an actionable adverse action. For example, Plaintiff has never explained how he came to possess the racket ball that he says in his grievances was his. The ball was returned to him because it was a different color than the racket balls that were property of the facility in which he was detained, but that does not explain how he came to possess the item in the first place. Indeed, the record only demonstrates that Plaintiff became argumentative when asked about the ball's origins and justifies a temporary confiscation for further

5

investigation. (ECF No. 38-3, PageID.268-270). To be sure, Plaintiff says the confiscation was accompanied by a statement suggesting that something more sinister was in play. But it remains the case that the ball was returned after only an hour. The Court is satisfied that this is the type of minimal harassment that the court in *Thaddeus-X* determined was insufficient to constitute adverse action. Accordingly, the Court agrees with the Magistrate Judge that Defendant Haggagi is entitled to summary judgment on Plaintiff's First Amendment retaliation claim, the sole claim remaining in the case.

### 2. *Injunctive Relief and Recusal*

The Magistrate Judge further recommends the Court deny Plaintiff's motion for projective order and request for injunctive relief. (ECF No. 57). Separately, the Magistrate Judge denied Plaintiff's motion regarding the alleged destruction of videotape evidence. (ECF No. 59). Plaintiff objects to the Magistrate Judge's reasoning in both respects. Plaintiff further requests the Magistrate Judge's recusal.

The Court concludes the Magistrate Judge properly recommends the denial of the protective order and the correctly denied Plaintiff's sanctions motions for the very reasons set out by the Magistrate Judge. Plaintiff's allegations are vague and fall far short of the standard warranting injunctive relief. At most, the complained of actions could supply a potential basis for a future retaliation claim. They do not warrant injunctive relief. Nor does Plaintiff's objection to the Magistrate Judge's denial of his Motion for Sanctions and Motion to Correct the Record succeed. These objections to a non-dispositive decision are reviewed under a "clearly erroneous or contrary to law" standard. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). The Magistrate Judge's Order (ECF No. 59) is neither clearly erroneous nor contrary to law. Nothing

6

in Plaintiff's objections changes matters.

Finally, Plaintiff requests the recusal of the magistrate judge. (ECF No. 61). Plaintiff's disqualification motion relies on 28 U.S.C. § 455(a), which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Id.* The provision requires a judge to *sua sponte* recuse himself if he knows of facts that would undermine the appearance of impartiality. *Youn v. Track, Inc.*, 324 F.3d 409, 422-23 (6th Cir. 2003); *Liteky v. United States*, 510 U.S. 540, 547-48 (1994). The leading case from the Supreme Court on recusal under § 455 is *Liteky*, in which the Court set out several important aspects of recusal under § 455:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (*i.e.,* apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Liteky*, 510 U.S. at 555 (internal citation omitted; emphasis in original).

The gist of Plaintiff's motion is that Defendant has continued to retaliate against Plaintiff and the Magistrate Judge should have acted more quickly in deciding the motion for protective

7

order. This falls far short of meeting the exacting standard for disqualification. Plaintiff did not request an expedited decision, nor did he attempt to lay out any reason why his motion for injunctive relief should be decided on an emergent basis. Nor do the facts alleged in the filings demonstrate that the Magistrate Judge should have acted on the motions any earlier than he did.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF Nos. 60) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 37) is **GRANTED**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Protective Order (ECF No. 57) is **DENIED.**

**IT IS FURTHER ORDERED** that the August 28, 2025, decision of the Magistrate Judge (ECF No. 59) is **AFFIRMED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Recusal (ECF No. 61) is **DENIED.**

The Court discerns no good-faith basis for appeal of this matter. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

This case is **CLOSED.** A separate Judgment shall issue.


Dated:   September 24, 2025              /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE